# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

CONTINENTAL CASUALTY
COMPANY and VALLEY FORGE
INSURANCE COMPANY,

        Plaintiffs,

      v.

WINDER LABORATORIES, LLC,
STEVEN PRESSMAN, and
CONCORDIA
PHARMACEUTICALS, S.A.R.L.

        Defendants.

Civil Action No.

2:19-CV-16-RWS

## ORDER

This case comes before the Court on Plaintiffs' Motion for Judgment on the

Pleadings [34].  After reviewing the record, the Court enters the following Order.

## BACKGROUND

This is a declaratory judgment action brought by Continental Casualty

Company ("CCC") and Valley Forge Insurance Company ("VFI"). VFI issued a

Primary General Liability Policy to Winder Laboratories, LLC ("Winder") for the

policy period January 4, 2015 to January 4, 2016.  CCC issued an Umbrella Policy

to Winder for the policy period July 29, 2015 to January 4, 2016.  Both Plaintiffs

and Defendants agree that the relevant insuring provisions, definitions, and exclusions in the Umbrella Policy are substantially similar to those in the Primary Policy.  Similarly, no party disputes the policies' authenticity.

The policies state that any sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property injury," or "personal and advertising injury" will be paid by Plaintiffs.  (Primary Policy, Dkt. [1-1] at 95.) The policies define "[p]ersonal and advertising injury" as, among other things, "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services," and "[t]he use of another's advertising idea in your 'advertisement.'" (Primary Policy, Dkt. [1-1] at 108-109.)

The policies also include an exclusion that states coverage will not be applied to personal and advertising injury, "[a]rising out of the failure of goods, products or services to conform with any statement of quality or performance of the policy period" ("Failure to Conform Exclusion or Exclusion").  (Primary Policy, Dkt. [1-1] at 101.)

On January 6, 2016, Concordia Pharmaceuticals, S.A.R.L. ("Concordia") filed a complaint against Winder, alleging violations of the Lanham Act, 15 U.S.C. § 1125, and state law ("underlying action").  Concordia Pharmaceuticals Inc., et al.

v. Winder Laboratories, LLC and Pressman, No. 2:16-cv-04-RWS (N.D. Ga).  This

underlying action is now on its Fourth Amended Complaint ("FAC") after a series

of claim dismissals and amendments.[1]  Currently, it centers on allegations that

Winder "falsely or misleadingly advertised their B-Donna product, and

subsequently their Phenohytro product, as generic to [Concordia's product]

DONNATAL directly to the pharmaceutical industry, including to potential

purchasers." (Fourth Amended Complaint in the Underlying Action ("FAC"), Case

No. 2:16-cv-4, Dkt. [300] at ¶ 75.)

Plaintiffs defended Winder in the underlying action for more than three

years under a reservation of rights.  (Reservation of Rights Letter, Dkt. [1-8].)  On

January 17, 2019, Plaintiffs filed this action, seeking a judgment that they do not

have a duty to defend and indemnify Winder in the underlying suit.

## DISCUSSION

### I.   Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are

closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  "Judgment on

---

[1] Both Plaintiffs and Defendants refer to the Third Amended Complaint (TAC) in their
briefs.  However, the now-operative complaint is the FAC, which is materially similar to
the TAC and was filed after this Motion for Judgment on the Pleadings. (FAC,
Concordia, Dkt. [300])

the pleadings is appropriate where there are no material facts in dispute and the nonmoving party is entitled to judgment as a matter of law." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

When considering a motion for judgment on the pleadings, the Court accepts as true "all allegations in the complaint and construe[s] them in the light most favorable to the nonmoving party." In re Northlake Foods, Inc., 715 F.3d 1251, 1255 (11th Cir. 2013). When a plaintiff has moved for judgment on the pleadings, "[t]he Court is required to construe all facts and inferences in the light most favorable to Defendants, and judgment on the pleadings should not be granted unless it appears that Defendants cannot prove any set of facts in support of their claim which would entitle them to relief." WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1360 (N.D. Ga. 2007).

The Court may grant the motion only if the nonmovant can prove no set of facts in support of his claim or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings. See Massih v. Jim Moran & Assocs., Inc., 542 F. Supp. 2d 1324 (M.D. Ga. 2008). In other words, if a comparison of the pleadings exposes a dispute of material fact, judgment on the pleadings must be denied." Perez, 774 F.3d at 1335.

## II.    Analysis

Plaintiffs argue that they are entitled to judgment on the pleadings on two independent grounds.  First, they maintain that all surviving claims in the underlying suit fall outside the scope of the policies, relieving them of the duty to defend or indemnify.  They next assert that even if the claims do invoke a duty to defend, the failure to conform exclusion precludes coverage.

In response, Winder argues that the operative complaint in the underlying action alleges multiple offenses constituting "Personal and Advertising Injury," any of which require the Plaintiffs to continue defending against the entirety of the underlying suit.  Further, Winder argues that Plaintiffs have not met their burden of showing that the Failure to Conform Exclusion applies as a matter of law.

For the reasons below, the Court finds that the Exclusion bars coverage for any personal and advertising injury alleged in the Fourth Amended Complaint as a matter of law.  Therefore, it need not consider whether the claims are covered under the policies.

The Exclusion provides that injuries "arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your 'advertisement'" will be excluded from coverage for both policies. (Primacy Policy, Dkt. [1-1] at 101.)  Here, the operative complaint is based entirely

upon allegations that Winder and Pressman misrepresented the quality of their B-Donna and Phenohytro drugs. Winder does not contest that such allegations fall squarely within the failure to conform exclusion as statements of quality or performance.

Instead, Winder argues that for this exclusion to apply, the operative complaint must allege a product's failure to meet the quality or performance advertised *when tested by consumers*. Elcom Techs. v. Hartford Ins. Co. of Midwest, 991 F. Supp. 1294, 1298 (D. Utah 1997) (emphasis added); DecisionOne Corp. v. ITT Hartford Insurance Group, 942 F. Supp. 1038 (E.D. Pa. 1996). The Exclusion at issue in this case clearly and unambiguously requires the failure of the product to conform "with any *statement* of quality or performance," not the failure of a product to meet quality or performance once in the marketplace. (Primacy Policy, Dkt. [1-1] at 101(emphasis added).) Thus, the cases relied upon by Winder focus on a "failure to conform exclusion" with narrower language. Cases applying similar language to the Exclusion here have consistently found that it bars competitor claims, like the one here. See Scott, Blane, & Darren Recovery, LLC v. Auto-Owners Ins. Co., 727 F. App'x 625, 633 (11th Cir. 2018).

Winder next argues that Plaintiffs must defend, regardless of the exclusion, based on allegations that Winder used a competitor's "advertising idea." (Primary

Policy, Dkt. [1-1] at 108-109.)  Under Georgia law, the duty to defend is determined by comparing the language of the relevant policies and the allegations of the complaint.  Pilz v. Monticello Ins. Co., 599 S.E.2d 220 (Ga. Ct. App. 2004). While a valid advertising idea claim may fall outside the scope of the Exclusion, the operative complaint does not include any such surviving claims.

Specifically, Winder points to Concordia's allegations in the FAC that Winder copied DONNATAL's label inserts. (FAC, Case No. 2:16-cv-4, Dkt. [300] ¶ 84.)  These allegations may constitute an advertising idea; however, they allege facts in support of claims that have now been dismissed. No remaining claims trigger coverage under this section of the policy so as to fall outside of the exclusion as an advertising idea.

Finally, Winder argues even if the Exclusion applies, an implied disparagement claim would still trigger coverage.  For this argument, Winder relies on persuasive authority from the Northern District of California, Infor Global Solutions (Michigan), Inc. v. St. Paul Fire and Marine Insurance Co., 686 F. Supp. 2d 1005 (N.D. Cal. 2010).  In a brief paragraph denying leave to file a motion for reconsideration of a summary judgment order on the issue, the court stated that a failure to conform exclusion was inapplicable to coverage for allegations of implied disparagement.  Id. In the summary judgment order, the court briefly

addressed the exclusion in a footnote, finding that it was "irrelevant" whether the products met the advertised quality or performance when the underlying suit was based on negative comparisons between competitors. Id.; E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co., 590 F. Supp. 2d 1244, n.5 (N.D. Cal. 2008).  The court held that "the exclusion did not apply because "[t]his case ... is not related to the performance of Plaintiff's products." Id. at 1007.

As discussed above, the FAC is directly related to the failure of Winder's products to conform to statements of quality.  If the statements at issue in the underlying suit were true—specifically that Winder's B-Donna and Phenohytro products were valid generic versions of Concordia's Donnatal product—there would be no basis for the underlying suit at all.  See Gen. Star Indem. Co. v. Driven Sports, Inc., 80 F. Supp. 3d 442, 454 (E.D.N.Y. 2015) (finding a similar exclusion applied when none of the underlying claims could be proven without proving that the insured failed to conform to statements about its products' quality). More like the case distinguished in Infor, Total Call Internat. Inc. v. Peerless Ins. Co., 104 Cal. Rptr. 3d 319, 328 (Cal. Ct. App. 2010), Concordia alleges Winder misrepresented the quality of its products to customers when it allegedly stated its drugs were "generics" of Concordia's. While ultimately, the dispute is between competitors, the FAC does raise concerns about

8

misrepresentation to consumers. (FAC, Case No. 2:16-cv-4, Dkt. [300] ¶ 123.)

Even absent those concerns, the Court declines to follow <u>Infor</u> to the extent it takes

the minority position that an implied disparagement claim under these facts falls

outside the failure to conform exclusion. <u>See also</u> <u>Driven Sports, Inc.</u>, 80 F. Supp.

3d at 454-5.

The operative complaint is based upon Winder's alleged false claims about

its products, and the exclusion accordingly bars any coverage under an implied

disparagement claim. Because any implied disparagement claims would be barred,

the Court will not seek to evaluate these claims under section (d) of the policies.

(Primary Policy, Dkt. [1-1] at 109.) Therefore, there are no disputed material facts

precluding judgment, and Plaintiffs' Motion for Judgment on the Pleadings is

**GRANTED**. Plaintiffs do not have a duty to defend or indemnify Winder as to the

operative, FAC in the underlying suit.

As a final note, in the Complaint, Plaintiffs seek a determination that VFI is

entitled to reimbursement of legal costs and fees spent thus far in providing a

defense against the underlying action.  They have not shown entitlement to

reimbursement in this motion, however, and as Defendant noted, it does not appear

that they would be entitled to such reimbursement.  This is because prior claims,

which have now been dismissed in the underlying suit, appear to have brought earlier complaints within coverage.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Judgment on the Pleadings [34] is **GRANTED** in so much as it seeks the above-described relief. The parties are encouraged to confer in an effort to resolve any remaining dispute regarding the reimbursement issue. If they are unable to resolve the issue, discovery shall proceed according to the Court's October Order [44].

**SO ORDERED** this 17th day of June, 2020.

**RICHARD W. STORY**
United States District Judge

10