UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

CONTINENTAL CASUALTY COMPANY
AND VALLEY FORGE INSURANCE
COMPANY,

        Plaintiffs,

v.

WINDER LABORATORIES, LLC,
STEVEN PRESSMAN, AND
CONCORDIA PHARMACEUTICALS, S.A.R.L.

        Defendants.
_____/

CASE NO.:
2:19-CV-00016-RWS

## PLAINTIFFS' MOTION FOR REIMBURSEMENT

Plaintiffs Continental Casualty Company ("CCC") and Valley Forge Insurance Company ("VFI") (collectively, the "Insurers") hereby move for reimbursement of defense fees and costs incurred and paid on behalf of Winder Laboratories, LLC and Steven Pressman (collectively, "Winder") in defense of the underlying lawsuit, *Concordia v. Winder, et al.,* Civ. Action 2:16-cv-4-RWS, N.D. Ga. (the "Underlying Lawsuit") pursuant to Federal Rule of Civil Procedure 56 because there is no genuine dispute of material fact that the Insurers are entitled to the costs they paid on behalf of Winder in the Underlying Lawsuit.

1. On June 17, 2020, this Court issued an Order granting Plaintiffs' Motion for Judgment on the Pleadings, determining that the Insurers do not have a duty to defend or indemnify Winder against the operative, Fourth Amended Complaint ("FAC") in the Underlying Lawsuit. (Doc. 54)

2. On September 2, 2020, this Court reaffirmed its decision and denied Winder's Motion for Reconsideration of the June 17, 2020 Order, encouraging the parties to confer in an effort to resolve any remaining dispute regarding the reimbursement of defense fees and costs issue. (Doc. 65)

3. The Insurers have attempted to resolve this reimbursement issue with Winder, but Winder has refused to entertain any settlement discussions or mediation. (*See* **Exhibit A**, E-Mails with Winder's counsel). Therefore, the Insurers have been forced to bring this Motion for Reimbursement to recover the defense fees and costs incurred and paid on behalf of Winder in defense of the Underlying Lawsuit.

4. An insurer is permitted to seek reimbursement of defense costs for uncovered claims "where the insurer (1) timely and explicitly reserves its right to recoup the costs; and (2) provides specific and adequate notice of the possibility of reimbursement." *Ill. Union Ins. Co. v. NRI Constr., Inc.*, 846 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012).

5. The Insurers issued reservation of rights letters to Winder on February 19, 2016, April 17, 2017, December 13, 2017, and July 31, 2018, expressly reserving their right to seek reimbursement of defense fees and costs incurred on behalf of Winder in the Underlying Lawsuit.  Copies of the foregoing reservation of rights letters are attached as Exhibit H to the Complaint (Doc. 1-8).

6. Winder accepted the defense of the Underlying Lawsuit offered in the reservation of rights letters, and did not object to the Insurers' reservation of the right to seek reimbursement of defense fees and costs that the Insurers incurred on behalf of Winder in the Underlying Lawsuit.  Attached as **Exhibit B** is a copy of Winder's signed Acknowledgement of the Insurers' reservation of rights letters.

7. Now that this Court has twice ruled that the Insurers do not owe a duty to defend the Underlying Action, it would be inequitable for Winder to retain the benefits of the defense without repayment of the defense fees and costs to VFI. Winder received the benefit of a defense they were not paying for and were aware, from the Insurers' reservation of rights letters, that VFI claimed a right to reimbursement if it was determined VFI owed no duty to defend Winder in the Underlying Lawsuit. (Doc. 1-8).

8. There have been no substantive changes to the underlying allegations throughout the life of the Underlying Lawsuit.  Instead, the Underlying Lawsuit

has always been about the failure of Winder's products to conform to the statements of quality, which this Court has held does not trigger the duty to defend.

9. In the alternative, while the Insurers contend that they never owed a duty to defend the Underlying Lawsuit, the Insurers contend that, at a minimum, they are entitled to reimbursement of all defense costs that they have paid since the March 15, 2017 order on Winder's Motion to Dismiss in the Underlying Lawsuit (the "2017 Motion to Dismiss"), which dismissed numerous claims involving allegations that Winder improperly copied its competitors labels. (*See* **Exhibit D**, March 15, 2017 Motion to Dismiss Order (Doc. 78) in Underlying Lawsuit). Further, the latest date upon which any allegations in the Underlying Lawsuit was dismissed was on September 28, 2018, and there can be no reasonable trigger for coverage after that date. (Doc. 1-7, Ex. G to Compl., September 28, 2018 Motion to Dismiss Order (Doc. 220) in Underlying Lawsuit).

10. VFI has incurred and paid $2,701,734.64 in fees and costs on behalf of Winder in defense of the Underlying Lawsuit. (*See* **Exhibit E**, Affidavit of Harbinder Johal of VFI). Further, the charts attached as **Exhibit F** provides a summary of the fees and costs and prejudgment interest incurred by VFI from each

of the underlying complaints and March 15, 2017 and September 28, 2018 Motion to Dismiss Orders in the Underlying Lawsuit. (*See* Ex. F.)[1]

11.   Because VFI paid the fees and costs on behalf of Winder, they are presumptively reasonable. *See, e.g.*, *Cincinatti Ins. Co. v. Grande Pointe, LLC,* 501 F.Supp.2d 1145, 1172 (E.D. Tenn. 2007); *Am. Serv. Ins. Co. v. China Ocean Shipping Co. (Americas) Inc.*, 402 Ill.App.3d 513, 932 N.E.2d 8 (1st Dist. 2010).

12.   VFI is additionally entitled to prejudgment interest per annum starting from when each invoice was paid. *See, e.g. Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1330 (S.D. Fla. 2009) ("Plaintiffs are due prejudgment interest for each payment they made to Defendants beginning on the date of each loss, or in other words, on the date that each payment occurred."); *Caterpillar, Inc. v. Century Indem. Co.*, 2011 WL 488935, *12 (Ill. Ct. App. 3rd Dist. February 1, 2011). "Under Georgia law, if a sum is liquidated, pre-judgment interest accrues from the date of demand at a rate of 7 percent per annum." *S.E.C. v. Price*, 108 F. Supp. 3d 1342, 1348 (N.D. Ga. 2010) ("Where a contract does not specify an interest rate, 'pre-judgment interest accrues from the date of demand at a rate of 7 percent per annum.'"); *Sec. & Exch. Comm'n v. Price*, No. 1:12-CV-2296-TCB, 2015 WL

---

[1] The Insurers have prepared Exhibit F as a courtesy to the Court to summarize the voluminous invoices submitted by Winder for the defense of the Underlying Lawsuit, which number almost 700 pages. If the Court would like copies of the invoices, the Insurers are pleased to provide them.

11199064, at *5 (N.D. Ga. June 9, 2015); *Great Am. Ins. Co. v. Int'l Inc. Co.*, 753 F.Supp. 357, 364 (M.D. Ga. 1990); O.C.G.A. § 7–4–2 (2020).

    13.    VFI has incurred a total of $480,919.56 in prejudgment interest at a rate of 7% per annum. (*See* Exs. E & F). Exhibit F provides a summary of the prejudgment interest incurred by VFI from each of the underlying complaints and March 15, 2017 and September 28, 2018 Motion to Dismiss Orders in the Underlying Lawsuit. (*Id.*)

WHEREFORE, the Insurers request that the Court enter a final judgment ordering Winder to pay VFI, the following amounts:

    a. $2,701,734.64 for defense fees and costs incurred and paid on behalf of Winder in the Underlying Lawsuit or an amount of defense fees and costs the court deems just and proper; and

    b. $480,919.56 for prejudgment interest or an amount of prejudgment interest the court deems just and proper.

Dated: November 23, 2020.

                                  Respectfully submitted,

                                  */s/ Maxwell R. Jones*
                                  Maxwell R. Jones
                                  Georgia Bar No. 451289
                                  Dentons US LLP
                                  303 Peachtree St NE, Suite 5300

Atlanta, Georgia 30308
max.jones@dentons.com
T: (404)-527-4000

Kathryn M. Guinn
GA Bar No. 160785
Dentons US LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
katy.guinn@Dentons.com
T: (303) 634-4000

*Pro Hac Vice*:
Julie K. Linhart
Florida Bar No. 0571601
CNA Coverage Litigation Group
4631 Woodland Corporate Blvd.
Suite 315
Tampa, Florida 33614
Telephone: (813) 880-5165
Direct Line: (813) 880-5168
Facsimile: (312) 260-6859
Primary Email:
Julie.Linhart@cna.com;
Secondary Email:
donna.matesa@cna.com

**Attorneys for Valley Forge Insurance Company and Continental Casualty Company**

## **CERTIFICATE OF TYPE LIMITATIONS AND COMPLIANCE**

I HEREBY CERTIFY that the foregoing was prepared using 14-point Times New Roman font and prepared in compliance with ND Ga L.R. 7.1.

    */s/ Maxwell R. Jones*
    Maxwell R. Jones

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of the Court using the CM/ECF System, which will send notice of electronic filing to the all counsel of record on this 23rd day of November, 2020.

    */s/ Maxwell R. Jones*
    Maxwell R. Jones